# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50013

RYAN BARBOZA,

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2018

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

CYNTHIA BENAVIDES, Bexar County Sheriff's Transporting Officer,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CV-1048

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ryan Barboza, Texas prisoner # 01998261, moves for appointment of counsel and for leave to appeal in forma pauperis (IFP) from the dismissal of his civil rights action. He alleged that the defendant Cynthia Benavides used excessive force while changing his leg irons, causing him to fall and suffer facial injuries. The district court granted Benavides's motion for summary judgment, noting that Barboza failed to offer competent summary judgment evidence to overcome Benavides's defense of qualified immunity.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50013

By moving to appeal IFP, Barboza challenges the certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). His IFP request "must be directed solely to the trial court's reasons for the certification decision," *id.*, and our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Barboza does not address his claims or the district court's reasons for denying IFP status. He says only that he refuses to pay any more filing fees. He thus does not attempt to make the required showing of a nonfrivolous issue for appeal. *See Baugh*, 117 F.3d at 202; *Howard*, 707 F.2d at 220. His motion for IFP is denied.

We may dismiss an appeal "when it is apparent that an appeal would be meritless." *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2. This court reviews a district court's summary-judgment dismissal de novo, under the same standards used by the district court. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012). "Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; *see* FED. R. CIV. P. 56(a). To overcome summary judgment, Barboza, as the nonmovant, must set forth specific facts showing the existence of a genuine issue for trial. *See* FED. R. CIV. P. 56(c)(1). He may not rest on mere allegations but must point to specific facts and explain how they support his position. *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

Moreover, because Benavides invoked qualified immunity, the burden is on Barboza to negate the defense by demonstrating "genuine issues of material fact regarding the reasonableness of the [defendant's] conduct." *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). He must plead facts to show a

violation of a right that was clearly established at the time of the incident and that, in light of that clearly established law, Benavides's conduct was objectively unreasonable. *See Short v. West*, 662 F.3d 320, 325 (5th Cir. 2011).

The record establishes that Barboza failed to present competent evidence, even after the judgment, that would call into question the summary judgment based on qualified immunity. *See Short*, 662 F.3d at 325; *Michalik*, 422 F.3d at 262. Because "it is apparent that an appeal would be meritless," Barboza's appeal is dismissed. *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2. His motion for appointment of counsel is denied.

MOTION FOR LEAVE TO APPEAL IFP DENIED; MOTION TO APPOINT COUNSEL DENIED; APPEAL DISMISSED.